UNITED STATES of America,
Appellee,

v.

Joseph GREENFIELD, a/k/a "Yosey", Shaya Waldman and Albert S. Weinberger, a/k/a "Shaya", Defendants,

Michael ROTH, a/k/a "Mechy",
Defendant–Appellant.

Nos. 02–1612(L), 03–1098(Con).

United States Court of Appeals,
Second Circuit.

Sept. 15, 2003.

Yaakov Kanovsky, Brooklyn, NY, for
Defendant–Appellant.

Deirdre A. McEvoy, Assistant United
States Attorney for the Southern District
of New York (James B. Comey, United
States Attorney, Jay K. Musfoff, Assistant
United States Attorney, Andrew J. Ceres-
ney, on the brief), for Appellee.

Present: CARDAMONE, JACOBS, and
POOLER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS
HEREBY ORDERED, ADJUDGED
AND DECREED** that the judgment is
**AFFIRMED.**

Michael Roth appeals from a judgment
entered in the United States District
Court for the Southern District of New
York (Keenan, *J.*). Roth was convicted by
a jury of conspiracy to commit mail fraud
in connection with an insurance fraud
scheme and sentenced to 30 months im-
prisonment. We affirm for the following
reasons.

1. Roth argues that he suffered
prejudice by reason of the district court's
failure to admit into evidence a document
characterizing the testimony of a cocon-
spirator. Evidentiary decisions are re-
viewed for abuse of discretion. *See United
States v. Tocco,* 135 F.3d 116, 127 (2d
Cir.1998). A witness may not be charged
with a third party's characterization of his
pretrial statements unless the witness has
subscribed to them. *United States v.
Rubin,* 609 F.2d 51, 62 (2d Cir.1979). And
such characterizations may not be used for
impeachment purposes. *United States v.
Leonardi,* 623 F.2d 746, 756–57 (2d Cir.
1980). Here there was no evidence that

Waldman had even reviewed Agent Trigg's notes. We see no abuse of discretion in the exclusion.

Roth also contends he was prejudiced by the failure of Agent Trigg to testify as to Waldman's prior statements. We see no merit to this because, as the district court observed, there was no inconsistency between Waldman's testimony and his prior statements.

2. Roth has failed to show any prosecutorial misconduct. First, Roth fails to show that Agent O'Grady, co-defendant Waldman or Shaya Dov committed perjury, let alone that the prosecution suborned it. Nor has Roth succeeded in showing that the Government improperly introduced prejudicial evidence at the suppression hearing; assuming such conduct could justify relief on appeal, we conclude that the district court admitted the challenged evidence as relevant to the issue of whether Roth was tricked into speaking with Agent O'Grady.

■ In addition, defense counsel failed to object at trial to the Government's argument in summation that codefendant Waldman lacked the incentive to falsely implicate Roth during a proffer session, and this claim is subject to plain error review. *See United States v. Canniff*, 521 F.2d 565, 572 (2d Cir.1975). Even if we were to assume that there was misconduct, it could not rise to the level of "egregious misconduct" required to demonstrate a due process violation. *United States v. Shareef*, 190 F.3d 71, 78 (2d Cir.1999).

3. We affirm the district court's denial of Roth's Fed.R.Crim.P. 33 motion substantially for the reasons stated by the district court. *United States v. Roth*, 01 CR. 401(JFK), 2003 WL 289615 (S.D.N.Y. Feb. 10, 2003).